UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

NORMAN SMALLWOOD,

                              Plaintiff,    **ANSWER TO COMPLAINT**

        -against-

CITY OF NEW YORK, P.O. DAVID WENZEL, and    **07 CV 5711 CV (JGK)**
P.O.'s JOHN and JANE DOE #1-10, individually and in
their official capacities, (the names John and Jane Doe
being fictitious, as the true names and presently unknown),    **Jury Trial Demanded**

                              Defendants.

------------------------------------------------------------------------ x


        Defendant City of New York and PO David Wenzel, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.    Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        3.    Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.    Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

        5.    Paragraph "5" of the complaint fails to set forth any factual averments. Accordingly, defendant respectfully submits that no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York maintains a police department.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that PO David Wenzel was a police officer. Defendants further Deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to unidentified individuals.

10. Defendant states that the allegations set forth in paragraph "10" of the complaint sets forth legal conclusions to which no response is required.

11. Defendant states that the allegations set forth in paragraph "11" of the complaint sets forth legal conclusions to which no response is required.

12. Defendant states that the allegations set forth in paragraph "12" of the complaint sets forth legal conclusions to which no response is required.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint, except admit that plaintiff was detained in police custody.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Admit that on September 13, 2006, criminal charges against plaintiff were dismissed.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "28" inclusive of this answer, as if fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the complain.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. In response to the allegations set forth in paragraph "35" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "34" inclusive of this answer, as if fully set forth herein.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "37" inclusive of this answer, as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "40" inclusive of this answer, as if fully set forth herein.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint, except admit that the charges against plaintiff were dismissed.

53. In response to the allegations set forth in paragraph "53" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "52" inclusive of this answer, as if fully set forth herein.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. In response to the allegations set forth in paragraph "57" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "66" inclusive of this answer, as if fully set forth herein.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint and all its subparts.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. In response to the allegations set forth in paragraph "68" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "67" inclusive of this answer, as if fully set forth herein.

69. Deny the allegations set forth in paragraph "69" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller.

70. Deny the allegations set forth in paragraph "70" of the complaint, except admit that no payment has been made by defendant City.

71. Deny the allegations set forth in paragraph "71" of the complaint, except admit that a hearing was held on February 27, 2007.

72. Deny the allegations set forth in paragraph "72" of the complaint, except admit that admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. In response to the allegations set forth in paragraph "75" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "74" inclusive of this answer, as if fully set forth herein.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. In response to the allegations set forth in paragraph "79" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "78" inclusive of this answer, as if fully set forth herein.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. Deny the allegations set forth in paragraph "81" of the complaint.

82. Deny the allegations set forth in paragraph "82" of the complaint.

83. Deny the allegations set forth in paragraph "83" of the complaint.

84. In response to the allegations set forth in paragraph "84" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "83" inclusive of this answer, as if fully set forth herein.

85. Deny the allegations set forth in paragraph "85" of the complaint.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. In response to the allegations set forth in paragraph "87" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "86" inclusive of this answer, as if fully set forth herein.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. Deny the allegations set forth in paragraph "90" of the complaint.

91. In response to the allegations set forth in paragraph "91" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "90" inclusive of this answer, as if fully set forth herein.

92. Deny the allegations set forth in paragraph "92" of the complaint.

93. Deny the allegations set forth in paragraph "93" of the complaint.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. Deny the allegations set forth in paragraph "95" of the complaint.

96. Deny the allegations set forth in paragraph "96" of the complaint.

97. Deny the allegations set forth in paragraph "97" of the complaint.

98. Deny the allegations set forth in paragraph "98" of the complaint.

99. Deny the allegations set forth in paragraph "99" of the complaint.

100. Deny the allegations set forth in paragraph "100" of the complaint.

101. Deny the allegations set forth in paragraph "101" of the complaint.

102. Deny the allegations set forth in paragraph "102" of the complaint.

103. Deny the allegations set forth in paragraph "103" of the complaint, except admit that the criminal proceedings were dismissed on or about September 13, 2006.

104. In response to the allegations set forth in paragraph "104" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "103" inclusive of this answer, as if fully set forth herein.

105. Deny the allegations set forth in paragraph "105" of the complaint.

106. Deny the allegations set forth in paragraph "106" of the complaint.

107. Deny the allegations set forth in paragraph "107" of the complaint.

108. Deny the allegations set forth in paragraph "108" of the complaint.

109. In response to the allegations set forth in paragraph "109" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "108" inclusive of this answer, as if fully set forth herein.

110. Deny the allegations set forth in paragraph "110" of the complaint.

111. Deny the allegations set forth in paragraph "111" of the complaint.

112. Deny the allegations set forth in paragraph "112" of the complaint.

113. Deny the allegations set forth in paragraph "113" of the complaint.

114. Deny the allegations set forth in paragraph "114" of the complaint.

115. In response to the allegations set forth in paragraph "115" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "114" inclusive of this answer, as if fully set forth herein.

116. Deny the allegations set forth in paragraph "116" of the complaint.

117. Deny the allegations set forth in paragraph "117" of the complaint.

118. In response to the allegations set forth in paragraph "118" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "117" inclusive of this answer, as if fully set forth herein.

119. Deny the allegations set forth in paragraph "119" of the complaint.

120. Deny the allegations set forth in paragraph "120" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

121. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

122. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

123. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

124.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

125.    Plaintiff has failed to comply with New York General Municipal Law §50-e.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

126.    Plaintiff provoked any incident.

**AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:**

126.    Punitive damages cannot be recovered against the City of New York.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

127.    At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion.  Therefore, they are entitled to governmental immunity from liability.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

128.    There was probable cause for plaintiff's arrest, detention, and prosecution.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

129.    Officer Wenzel has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**WHEREFORE,** defendant City of New York and Officer Wenzel request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        September 10, 2007

                                          MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                        City of New York
                                        Attorney for Defendant City of New York and
                                        Officer Wenzel
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 788-1029

                                        By:   /s/
                                                  Jennifer L. Rubin
                                                  Assistant Corporation Counsel

To:   Rose M. Weber, Esq. (by ECF)
       225 Broadway, Suite 1608
       New York, NY 10007